

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DOUGLAS L. CUMMINS,

    Plaintiff,

v.                                          Civil Action No.: 2:14cv165

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

## MEMORANDUM ORDER

This matter comes before the Court on Plaintiff Douglas Cummins' ("Plaintiff") Objections to the Magistrate Judge's Report and Recommendation. Doc. 14. For the reasons explained below, the Court **OVERRULES** Plaintiff's objections after a de novo review and, finding no clear error in the remainder of the Report & Recommendation ("R&R"), **ADOPTS** the R&R, Doc. 13, in its entirety.

### I. BACKGROUND

Plaintiff does not object to the recitation of the procedural or factual background of this case contained in the R&R, which sets forth, inter alia, the following.

**A. Procedural History**

Plaintiff filed an application for Disability Insurance Benefits ("DIB") with the Social Security Administration ("SSA") on April 15, 2011, alleging a disability onset date of March 31, 2011. R. at 114. The application alleged that Plaintiff suffered from back pain, which prevents him from undertaking full-time employment. Doc. 11 at 2. Plaintiff's application was initially denied, and then denied upon reconsideration as well. Doc. 13 at 1. Plaintiff then requested an administrative hearing, which was held on December 10, 2012. Id. At this hearing, the Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. Id. at 2.

Plaintiff appealed this decision, and was denied review by the Appeals Council. Id. Having thereby exhausted his administrative remedies, Plaintiff filed the instant action seeking judicial review of the Commissioner's final decision. Doc. 1. The parties filed cross-motions for summary judgment, which were dealt with by the R&R, entered on November 7, 2014. See Doc. 13. Plaintiff filed his Objections to the R&R on November 21, 2014. Doc. 14. Defendant filed a Response on December 2, 2014. Doc. 15.

**B. Factual Background**

Plaintiff was fifty-one (51) years old at the alleged onset of his disability. Doc. 13 at 2. He has a tenth-grade education, and his work experience includes a long career as a pump station mechanic for the City of Chesapeake. Id.

Plaintiff's history of back pain dates back to 1998 and includes four surgical procedures. Id. at 2. Plaintiff has been primarily treated for his back condition by two physicians, Dr. David Goss, an orthopedic surgeon, and Dr. Beth Winke, a specialist in pain management. Id. at 2–3. He has seen each doctor many times, and the results of these visits make up a substantial portion of the relevant medical record in this case.

In preparation for this litigation, Dr. Winke completed two check-the-box evaluations of Plaintiff's ability to maintain full-time employment. Dr. Winke indicated that her opinion was that Plaintiff, among other restrictions, could only sit for one hour and could only stand or walk for one hour throughout a normal eight hour work day. Id. at 6. Two government doctors also completed an equivalent evaluation of Plaintiff based upon the available medical records. From their review, the government doctors essentially agreed that Plaintiff could occasionally lift up to 20lbs, frequently lift 10lbs, and could stand, walk, or sit for up to six hours of an eight hour day. Id.

At the hearing before the ALJ, Plaintiff admitted that he was currently employed in a part-time job redistributing vehicles for a rental company, which regularly involved as much as 250 miles of driving in a single work-day. Id. at 7. Furthermore, the ALJ heard testimony from a Vocational Expert ("VE") who claimed that Plaintiff was still capable of "light work," so long as it included no ladders, ropes, scaffolds, and only occasional kneeling, crouching, crawling, or exposure to heights and hazards. The VE stated that a hypothetical employee similar to Plaintiff could find work in the national economy as a machine operator or rental clerk.

## II. STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, the Court reviews de novo any part of a Magistrate Judge's R&R to which a party has properly objected. Fed. R. Civ. P. 72(b)(3). The Court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id. As to the unchallenged portions of the R&R, the Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

In exercising a de novo review, the Court analyzes the Commissioner's final decision using the same standard as that used by the Magistrate Judge. Specifically, the Court's review of the Commissioner's decision is limited to determining whether that decision was supported by substantial evidence on the record and whether the proper legal standard was applied in evaluating the evidence. 42 U.S.C. § 405(g); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Craig v. Chater, 76 F.3d

3

585, 589 (4th Cir. 1996)) (internal quotation marks omitted). Courts have further explained that substantial evidence is less than a preponderance of evidence but more than a mere scintilla of evidence. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Importantly, in reviewing the ALJ's decision the Court does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Craig, 76 F.3d at 589. Thus, if the Court finds in its de novo review of the objections that there was substantial evidence to support the ALJ's factual findings, even if there was also evidence to support contrary findings, the R&R must be adopted.

### III. ANALYSIS

Plaintiff disagrees with the ALJ's conclusion that he is not eligible for DIB, and asks this Court to reject the ruling of the Magistrate Judge. Doc. 14 at 1. In his Objections to the R&R, Plaintiff argues that the Magistrate Judge erred in "treating physician opinion based on form rather than substance." Id.

The main issue set forth in Plaintiff's Objection is whether the ALJ and the Magistrate Judge acted properly by discounting the significance of Dr. Winke's opinion of Plaintiff's condition relative to the opinions of the other medical experts. Id. The opinion-at-issue was completed by Dr. Winke in November 2012, at the request of Plaintiff's attorney, in the form of a one-page "Medical Evaluation Report" and a two-page "Physical Capacities Assessment." Doc. 13 at 5. Both forms were "check-the-box evaluations." Id. at 6. The only written explanation provided by Dr. Winke in these forms was under a section entitled "Clinical **observations, findings and test results** supporting your diagnoses." R. at 340 (emphasis in original).

Plaintiff argues that the R&R improperly places form over substance by discounting the opinion due to its format as a "check-the-box" evaluation. Doc. 14 at 1–2. Plaintiff

4

oversimplifies the analysis of Dr. Winke's opinion, however, which goes far beyond just its format. Most notably, the discounting of Dr. Winke's opinion is supported by two points: first, its lack of written explanation, and second, its inconsistency with other available evidence.

In Mason v. Shalala, 994 F.2d 1058 (3d Cir. 1993), the United States Court of Appeals for the Third Circuit described forms where the physician need "only to check a box" as "weak evidence at best." 994 F.2d at 1065 (emphasis added). The implication here is not a distaste for check-the-box forms generally, but for medical reports that do not contain at least a minimal amount of written explanation. A series of boxes to check is in fact a very convenient way to summarize a detailed medical diagnosis; however, such a bare conclusion cannot receive full credit without proper explanation.

Here, the form used by Dr. Winke provided her the opportunity to explain the medical evidence supporting her diagnosis. R. at 340. Instead of providing her rationale or explaining the tests which supported her opinion, however, Dr. Winke simply states that "[t]he patient states his current symptoms increase with bending and lifting, as well as standing, walking, twisting, driving, climbing and with any type of vibrations, such as riding in a car." Id. Since Dr. Winke supported her diagnosis with nothing more than the Plaintiff's subjective claims, the Court **FINDS** that the ALJ was correct to discount the significance of her opinion, especially relative to other medical experts who provided far more detailed explanations.

Next, it was also appropriate to discount Dr. Winke's opinion on Plaintiff's disability due to its inconsistency with prior medical records, including her own evaluations. In her November 2012 opinion, Dr. Winke stated that Plaintiff could only occasionally lift up to five pounds, could only sit, stand, or walk for up to an hour per work day, and that he would be forced to miss work six to eight days per month on average. R. at 340.

This opinion is inconsistent both with Dr. Winke's prior treatment of Plaintiff and with Plaintiff's current part-time employment. Defendant correctly cites to multiple locations within the record where Dr. Winke's recent treatment of Plaintiff indicated "normal posture/body mechanics," normal ambulation, no lumbar tenderness, and "full motor strength (5/5) in all areas tested." Doc. 15 at 9–10. Furthermore, the ALJ also gave "significant weight" to the opinion of Plaintiff's other treating physician, Dr. Goss, who limited Plaintiff's lifting to no more than twenty-five pounds and said "he is capable of medium work." Doc. 13 at 13. The part-time work obtained by Plaintiff also undermines Dr. Winke's opinion. By Plaintiff's own admission, this job required driving 250 miles at a time to transport rental vehicles and then returning that same day as a passenger in a large van. R. at 14. This admission directly contradicts both Dr. Winke's opinion regarding Plaintiff's ability to sit for only one hour per day and "moderate" restriction on his ability to drive automotive equipment. See R. at 340. Accordingly, the Court **FINDS** that substantial evidence justifies the ALJ in discounting Dr. Winke's opinion based upon its inconsistency with other evidence contained in the record.

## IV. CONCLUSION

For the reasons discussed above, the Court concludes that the ALJ's decision is supported by substantial evidence in the record. Therefore, after a de novo review, the Court **OVERRULES** Plaintiff's Objections, Doc. 14, and finding no other clear error, **ADOPTS** the R&R, Doc. 13, in its entirety. Accordingly, the Court **DENIES** Plaintiff's Motion for Summary Judgment, Doc. 8, **GRANTS** Defendant's Motion for Summary Judgment, Doc. 10, and **AFFIRMS** the Recommendation of the Magistrate Judge that the final decision of the Commissioner be upheld. This case is thereby **DISMISSED WITH PREJUDICE.**

Plaintiff is advised that he may appeal from this Opinion and Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order. If Plaintiff wishes to proceed in forma pauperis on appeal, the application to proceed in forma pauperis is to be submitted to the Clerk, United States Court of Appeals, Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **REQUESTED** to send a copy of this order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 30, 2015